﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191010-37617
DATE: August 31, 2020

ORDER

Entitlement to service connection for stroke is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran’s stroke began during active service or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for stroke have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has active service from June 1970 to January 1972. 

This case is before the Board of Veterans’ Appeals (Board) from a September 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

The Board notes the prior November 2017 denial of the Veteran’s claim of service connection for stroke due to herbicide exposure (11/07/2017 Rating Decision - Narrative). That decision did not become final because in September 2018, within one year, the Veteran provided a new contention with regard to his claim (9/10/2018 VA 21-526EZ, Fully Developed Claim). In January 2019 the claim was denied (1/17/2019 Rating Decision – Narrative) and in April 2019, within a year of the prior decision, additional medical evidence was obtained (4/27/2019 C&P Exam). A subsequent September 2019 rating decision was issued (9/13/2019 Rating Decision – Narrative), and a timely notice of disagreement was filed. Discussion of new and relevant evidence is not required because none of the rating decisions pertaining to the Veteran’s stroke claim have become final. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The AMA was implemented effective February 19, 2019. 

The rating decision was issued after the February 19, 2019 implementation of AMA, and an October 2019 VA Form 10182 was received. Accordingly, this decision is drafted in accordance with AMA. The Veteran elected direct review by a Veterans Law Judge (10/10/2019 VA Form 10182 Notice of Disagreement). 

Under the AMA, when a claimant seeks appellate review through the Board's Direct Review docket, the Board may consider only the evidence of record at the time of the AOJ decision on appeal. See 38 C.F.R. § 20.301. 

In this case, an October 2019 statement from Veteran was received in October 2019 (10/10/2019 VA 21-4138 Statement In Support of Claim). That statement provides facts and details of carbon monoxide exposure that were not considered by the AOJ in making the September 2019. In accordance with 38 C.F.R. § 20.301, the October 2019 statement, as it contains additional evidence, may not be considered by the Board in this decision.

In general, the Board is bound by favorable findings in the Rating Decision on appeal. See 38 C.F.R. § 20.801 (a). Here, favorable findings of the Veteran’s MOS as an electrician and his work on generators has been conceded (9/13/2019 Rating Decision - Narrative). The Veteran’s exposure to carbon monoxide was presumed in obtaining medical opinions as well (4/16/2019 Exam Request). 

The Board has also considered the July 2020 argument set forth by the Veteran’s representative (7/10/2020 Appellate Brief).

Service Connection for Stroke

The Veteran has contended that his stroke is due to herbicide exposure (9/11/2017 VA 21-526EZ, Fully Developed Claim) and carbon monoxide exposure during service, specifically while working in the motor pool (12/14/2018 C&P Exam, pg. 4). The Veteran has also contended he was exposed to carbon monoxide while working on a generator during service (9/10/2018 VA 21-526EZ, Fully Developed Claim). 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Veteran has a current diagnosis of a stroke in 2014 (12/14/2018 C&P Exam, pg. 4).

With regard to the Veteran’s contention that his stroke was due to herbicide exposure, the Board has considered whether 38 C.F.R. § 3.307 is for application and finds it is not. The Veteran has not contended, nor does his service history suggest, that herbicide exposure may be presumed (9/29/2017 Military Personnel Record, pg. 19). The Veteran service was in the United States, and no service in the Republic of Vietnam, Korea, or Thailand is of record or has been contended.

Consideration of direct service connection for stroke as a result of herbicide exposure was considered, although the Veteran provided no specific contentions or assertions as to the circumstances of in-service herbicide exposure. Efforts to obtain information regarding in service herbicide exposure were exhausted and no evidence of herbicide exposure is of record (10/25/2017 VA 21-0961 Electronic Signatures). Accordingly, the Veteran does not meet the second element to establish service connection for stroke as due to herbicide exposure. 

With regard carbon monoxide exposure, VA has presumed that the Veteran was exposed to some level of carbon monoxide during service (9/13/2019 Rating Decision – Narrative; 4/16/2019 Exam Request). 

Treatment records show that the Veteran’s stroke occurred in April 2014, decades after his separation from service. While the Veteran believes his stroke is related to an in-service injury, event, or disease. The Veteran in this case is not competent to provide a nexus opinion regarding this issue. The issue is medically complex and outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board assigns more probative weight to the VA medical opinions of record.

The Veteran was afforded a November 2018 VA examination. The examiner opined that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in service injury event or illness. The examiner relied on the lack of documentation of carbon monoxide exposure in service in formulating the provided opinion (12/14/2018 C&P Exam). The Board finds the November 2018 examiner did not provide adequate rationale and as such the November 2018 is assigned no probative weight.

An April 2019 VA examination and accompanying opinion is of record. The April 2019 examiner opined the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in service injury event or illness. The examiner explained that there are no studies indicating that carbon monoxide exposure leads to stroke several years after a person is exposed to it. The examiner acknowledged a few case reports in the medical literature linking carbon monoxide and stroke. However, these cases involved individuals who suffered carbon monoxide intoxication or poisoning. 

There is no evidence that the Veteran had a severe case of carbon monoxide exposure. The examiner also pointed out that the Veteran has known risk factors for stroke including age, hypertension and diabetes mellitus (4/27/2019 C&P Exam

The Board finds that the April 2019 examiners opinion is probative, because it is based on an in-person exam, review of the Veteran’s history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board has considered the article of record “High levels of exhausted carbon monoxide linked to increased stroke risk” (10/29/2018 Web / HTML Documents). The Veteran has contended his stroke is related to inhalation of carbon monoxide, as opposed to his having developed a condition of exhausting carbon monoxide. As such, the Board does not find this article to be relevant to this claim and it has been assigned no probative weight.

The Board finds the April 2019 medical opinion against the Veteran’s claim to be the most probative of record and it weighs against the Veteran’s claim of entitlement to service connection for stroke as a result of carbon monoxide exposure. 

In summary, the evidence of record preponderates against a finding the Veteran’s stroke is related to in-service carbon monoxide exposure. 

With regard to his contentions regarding herbicide exposure, the Board also finds the Veteran is not entitled to presumptive service connection due to herbicide exposure, and the evidence of record is against a finding of inservice herbicide exposure. 

As the preponderance of the evidence weighs against finding that the Veteran’s stroke began during service or is otherwise related to an in-service injury, event, or disease, the Veteran’s claim is denied. 

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. A. Myers

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.